## IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| SINA DAVANI, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION |
| | ) | |
| v. | ) | No. 22-1244-KHV |
| | ) | |
| TRAVELERS PERSONAL INSURANCE | ) | |
| COMPANY and GEICO INSURANCE | ) | |
| AGENCY, LLC | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

## MEMORANDUM AND ORDER

Sina Davani filed suit against Travelers Personal Insurance Company ("Travelers") and GEICO Insurance Agency, LLC ("Geico"), alleging breach of contract and negligence. This matter comes before the Court on Geico's Motion For Summary Judgment (Doc. #67) filed August 3, 2023. For reasons stated below, the Court sustains in part and overrules in part Geico's motion.

## Summary Judgment Standards

Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. See Fed. R. Civ. P. 56(c); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986); Hill v. Allstate Ins. Co., 479 F.3d 735, 740 (10th Cir. 2007). A factual dispute is "material" only if it "might affect the outcome of the suit under the governing law." Liberty Lobby, 477 U.S. at 248. A "genuine" factual dispute requires more than a mere scintilla of evidence in support of a party's position. Id. at 252.

The moving party bears the initial burden of showing the absence of any genuine issue of

material fact.  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); Nahno-Lopez v. Houser, 625 F.3d 1279, 1283 (10th Cir. 2010).  Once the moving party meets this burden, the burden shifts to the nonmoving party to demonstrate that genuine issues remain for trial as to those dispositive matters for which the nonmoving party carries the burden of proof.  Applied Genetics Int'l, Inc. v. First Affiliated Sec., Inc., 912 F.2d 1238, 1241 (10th Cir. 1990); see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586–87 (1986).  To carry this burden, the nonmoving party may not rest on the pleadings but must instead set forth specific facts supported by competent evidence.  Nahno-Lopez, 625 F.3d at 1283.

In applying these standards, the Court views the factual record in the light most favorable to the party opposing the motion for summary judgment.  Dewitt v. Sw. Bell Tel. Co., 845 F.3d 1299, 1306 (10th Cir. 2018).  The Court may grant summary judgment if the nonmoving party's evidence is merely colorable or not significantly probative.  Liberty Lobby, 477 U.S. at 250–51. Essentially, the inquiry is "whether the evidence presents a sufficient disagreement to require submission to the jury or whether it is so one-sided that one party must prevail as a matter of law." Id. at 251–52.

## Factual Background

The following facts are undisputed or, where disputed, viewed in the light most favorable to plaintiff, the non-movant.

Geico is an insurance agency that takes applications for various types of insurance and provides quotes for insurance coverage to its customers.  While Geico is affiliated with insurance companies, it is a separate entity and does not underwrite insurance policies, collect premiums or process claims for coverage.  Travelers, which issued a homeowners insurance policy to Sina Davani, is among the insurers from which Geico obtains quotes.

On October 26, 2021, Davani called Geico and spoke with a sales agent to obtain a quote for homeowners insurance for a property at 7507 East 26th Court North, Wichita, Kansas.[1]  On calls such as these, in which customers seek insurance quotes, Geico agents ask customers a series of questions to determine what coverage would be appropriate.[2]  For customers seeking homeowners insurance, Geico agents ask if they currently reside on the property for which they seek insurance or, in the alternative, if they plan to move in within 60 days.  If customers answer in the affirmative, Geico agents typically provide the customer a quote for a specific policy that covers owner-occupied property.  This policy has different underwriting criteria and provides different coverage than a policy for property that is not owner-occupied.

On the October 26, 2021 call, the Geico agent asked Davani how long or how he planned to use the 7507 East 26th Court North property on the date of coverage.[3]  Davani responded that it

---

[1]     Davani had previously used Geico to obtain homeowners, auto and renter's insurance.  On the auto and renter's insurance policies, Davani listed 12 Landsdown St. in Wichita as his mailing address.  After obtaining the homeowners insurance policy that is at issue in this dispute, Davani did not change the mailing addresses on his other insurance policies.

[2]     Geico cites the declaration of Jeffery Browne, a complaint analyst for Geico, to support this and other facts.  Davani asserts that the declaration is inadmissible because it includes information of which Browne lacks personal knowledge.  "Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein."  Fed. R. Civ. P. 56(e).  Browne states that he has "personal knowledge of [Geico's] internal operations and procedures including interactions with customers who call for insurance quotes" and "through a review of [Geico] records concerning this matter," Browne "obtained personal knowledge of the facts pertinent to plaintiff's claims."  Declaration of Jeffery Browne (Doc. #68-1), ¶ 1.  To the extent that his declaration relates to his job position and personal review of business records related to Davani's conversation with Geico, it is presumably based upon personal knowledge.  See Bryant v. Farmers Ins. Exch., 432 F.3d 1114, 1123 (10th Cir. 2005) (affiant's review of business records sufficient to establish personal knowledge). The Court therefore overrules Davani's objection.

[3]     Geico failed to attach to its Brief In Support Of Defendant Geico Insurance Agency,
(continued. . .)

was either his primary residence or was going to be his primary residence.[4]  Davani Deposition

(Doc. #68-2) at 11–12.  Based on this information, Geico provided Davani a quote for homeowners

insurance coverage with Travelers.  The policy required that Davani reside at the property.  Davani

---

[3] (. . .continued)
LLC's Motion For Summary Judgment (Doc. #68) its computerized summary of the telephone call on October 26, 2021.  Browne's Declaration referenced it, however, and independently verified his personal knowledge of the call summary.  Declaration of Jeffery Browne (Doc. #68-1).  Davani attached the same call summary to his motion for summary judgment, but the Court does not consider the evidence because Davani did not have a reasonable opportunity to respond to the facts Geico asserted based on the call summary in his response to Geico's motion.  See Call Summary (Doc. #72-14); see also Beaird v. Seagate Tech., Inc., 145 F.3d 1159, 1164 (10th Cir. 1998) ("Rule 56(c) requires the nonmoving party to be given notice and a reasonable opportunity to respond to the movant's summary judgment materials.").

[4]      Davani denies that he told the agent that the property was or was going to be his primary residence and cites a declaration in which he states that (1) Geico did not ask if he currently resided at his home or if he planned to move into the home within 60 days, (2) he did not tell Geico that he "was or would soon be residing" in the home and (3) he did not tell Geico that he "had moved into [the] new home within the last six months."  Declaration of Sina Davani (Doc. #74-1), ¶¶ 7–9.  Geico objects to the declaration on the ground that it contradicts Davani's prior deposition testimony.  See Reply Brief In Support Of Defendant Geico Insurance Agency, LLC's Motion For Summary Judgment (Doc. #77) at 4–7.

The Court will disregard affidavits which are inconsistent with prior sworn testimony if the changes attempt to create a sham fact issue.  See Franks v. Nimmo, 796 F.2d 1230, 1237 (10th Cir. 1986).  To determine if an affidavit is an attempt to create a sham issue of fact, the Court must consider "whether the affiant was cross-examined during his earlier testimony, whether the affiant had access to the pertinent evidence at the time of his earlier testimony or whether the affidavit was based on newly discovered evidence, and whether the earlier testimony reflects confusion which the affidavit attempts to explain." Id.

Davani's declaration plainly contradicts his earlier testimony.  The Court thus considers the four Franks factors.  See id.  Davani was cross-examined during his deposition, and he does not claim that he did not have access to pertinent evidence then or that his declaration is based on newly discovered evidence.  It is evident to the Court that during his earlier testimony Davani could not recall every detail of the call on October 26, 2021.  Davani does not claim, however, that the purpose of his declaration is to address confusion he experienced during his deposition.  See Davani Deposition (Doc. #68-2) at 301–04.  Without any claim that Davani was confused during his deposition, the Court disregards the portions of Davani's declaration that contradict his earlier testimony.

accepted the quote and Geico reported the acceptance to Travelers.  Davani later received the Travelers policy and paid the premium to Travelers.  The policy identifies Travelers as Davani's insurer and Geico as his agent, and lists 7507 East 26th Court North as Davani's mailing address and "residence premises."[5]  Travelers Policy (Doc. #68-3) at 10.

The policy and accompanying materials contained several statements instructing Davani to contact Geico and Travelers if he decided to move out, vacate or temporarily relocate from the insured property.  Davani never contacted Geico to review the policy or advise that he was not living in the property.  During his deposition, when asked whether he was a party to any written contract with Geico, Davani testified that the only contract he was aware of was the Travelers policy.  Davani Deposition (Doc. #6-2) at 7.

On January 22, 2022, Davani discovered a water leak at the property that occurred some time between December 23, 2021 and January 22, 2022.  Davani was not living in the property at the time, and in fact he has never lived at the property.  On February 8, 2022, Davani filed a claim with Travelers to cover costs to repair the water damage.  Travelers then commenced a months-long investigation into Davani's claim.  Before Travelers could complete its investigation, Davani filed this lawsuit.  Travelers now argues that Davani's claim is not covered under the policy for several reasons.  See Pretrial Order (Doc. #65) at 15–21.  As relevant to Geico's motion for summary judgment, Travelers takes the position that the policy only provides coverage for "residence premises" and, because Davani was not living in the property at the time he obtained the policy or experienced the claimed loss, he has no coverage.

---

[5]      The policy defines "residence premises" as "[t]he one family dwelling or unit where you reside . . . and which is shown as the 'residence premises' in the Declarations."  Travelers Policy (Doc. #68-3) at 17.  The declarations page lists Davani's "residence premises" as 7507 East 26th Court North.  Id. at 10.

**Procedural Background**

On October 6, 2022, in the District Court of Sedgwick County, Kansas, Davani filed this suit against Geico and Travelers.  On October 24, 2022, Travelers removed the case to federal court and, on October 25, 2022, Geico consented to removal.  Davani alleges breach of contract and negligence against Geico.  Davani argues that Geico breached a contract to obtain coverage for his residence when it provided him a quote for the Travelers policy and did not advise him that the policy required that he reside at the insured property.  See Pretrial Order (Doc. #65) at 24.  In support of his claim for negligence, Davani argues that Geico had a duty to obtain coverage for his residence and breached that duty by failing to procure coverage or failing to advise him that he needed to reside in the property for coverage to be provided.  See id. at 25.

Geico seeks summary judgment on Davani's claims for breach of contract and negligence.

**Analysis**

**I.      Breach of Contract (Count II)**

The pretrial order sets forth Davani's claim that (1) Geico entered into a contract to obtain coverage for his residence, (2) Davani performed the contract by accepting the Travelers policy and paying the agreed premium and (3) Geico breached the contract because it failed to advise him that he had to live in the home to receive coverage from Travelers.[6]  See Pretrial Order (Doc. #65)

---

[6]      In addition, Davani argues that Geico breached its contract because it did not procure coverage for him.  Kansas courts have held that an action for breach of an insurance agent's duty to procure insurance coverage may be brought in contract or in tort because the duty which an insurance agent owes to a customer "is both an implied contractual term of the undertaking (contract theory) and a part of the fiduciary duty owed the client by reason of the principal-agent relationship arising out of the undertaking (tort duty)."  See, e.g., Marshel Invs., Inc. v. Cohen, 6 Kan. App. 2d 672, 683, 634 P.2d 133, 141 (1981).  Because Davani brought both contract and tort claims against Geico, the Court addresses Geico's alleged failure to procure insurance coverage under Davani's Count III negligence claim below, in Section II.

at 25.  Geico argues that it did not have a contract with Davani and alternatively, that it did not breach any contract with Davani because it issued the Travelers policy based on the information which he provided.  See id. at 27–28.

Under Kansas law, to establish a claim for breach of contract, Davani must show (1) the existence of a contract between the parties; (2) sufficient consideration to support the contract; (3) his performance or willingness to perform in compliance with the contract; (4) Geico's breach of the contract; and (5) damages caused by the breach.  Navair, Inc. v. IFR Am., Inc., 519 F.3d 1131, 1137 (10th Cir. 2008) (citing JP Morgan Trust Co. v. Mid–Am. Pipeline Co., 413 F. Supp. 2d 1244, 1272 (D. Kan. 2006)).  To find that an insurance agent has a specific contractual duty, Kansas courts strictly require consideration.  Marshall v. Donnelli, 14 Kan. App. 2d 150, 153, 783 P.2d 1321, 1324 (1989).

The burden of proof is on plaintiff to show the existence of the alleged contract through both offer and acceptance.  Van Brunt v. Jackson, 212 Kan. 621, 623, 512 P.2d 517, 520 (1973). Geico denies that the parties entered into a contract and Davani has not attached, submitted or cited any evidence to demonstrate an express contract.  In support of his statement that "GEICO agreed to obtain and/or provide insurance for Davani's home if he paid a premium to Geico," he cites only his declaration, which makes the same statement without further support.  Response To Brief In Support Of Defendant Geico Insurance Agency, LLC's Motion For Summary Judgment (Doc. #74), ¶ 34; Declaration Of Sina Davani (Doc. #74-1), ¶ 16.  Further, when asked at his deposition about the existence of a contract with Geico, Davani testified that he was only aware of the Travelers insurance policy.  Davani Deposition (Doc. #68-2) at 7.  The Travelers policy clearly identifies Travelers as Davani's insurer, not Geico, and does not identify Geico as a party to the contract.  Travelers Policy (Doc. #68-3) at 10, 48.

Furthermore, Davani has not presented evidence of a verbal or implied contract. An implied contract to procure insurance, for instance, requires that the client provide "sufficiently definite directions" for the agent "to consummate the final insurance contract." Liberty Mut. Fire Ins. Co. v. Woolman, 913 F.3d 977, 987 (10th Cir. 2019). The record does not establish that Davani gave Geico "sufficiently definite directions" with respect to his request to insure the property although he was not residing there and did not plan to reside there in the immediate future. Davani argues that "[t]he facts set out by GEICO admit the [sic] existence of a contract," but he does not reference specific facts to that effect.

On this record, Davani has not shown a genuine issue of material fact whether he had a contract with Geico. The Court therefore sustains Geico's motion for summary judgment on Davani's claim for breach of contract.

## II.     Negligence (Count III)

Davani bases his negligence claim on his argument that (1) Geico had a duty to obtain coverage for his residence, (2) it breached its duty to obtain coverage or advise Davani that for coverage to apply he must reside in the home and (3) he suffered damages because of Travelers' denial of coverage. See Pretrial Order (Doc. #65) at 25. Geico seeks summary judgment on Davani's negligence claim, arguing that based on the information which Davani provided on October 26, 2021, it did not breach any duty to Davani because it obtained the type of insurance that he sought. For reasons stated below, however, the Court overrules Geico's motion for summary judgment on Davani's negligence claim.

To establish negligence under Kansas law, Davani must prove (1) the existence of a duty, (2) Geico's breach of that duty, (3) injury and (4) causation between the breach and the injury. South v. McCarter, 280 Kan. 85, 94, 119 P.3d 1, 8 (2005). "[A]n insurance agent or broker who

undertakes to procure insurance for another owes to the client the duty to exercise the skill, care and diligence that would be exercised by a reasonably prudent and competent insurance agent or broker acting under the same circumstances." Marshel Invs., Inc. v. Cohen, 6 Kan. App. 2d 672, 683, 634 P.2d 133, 141 (1981). Kansas courts refer to this as the "exercise care duty." Id. When an insurance agent and its customer do not have a specific agreement, as is true here, the agent "has no duty to provide adequate coverage to the client" and the "only duty imposed upon the insurance agent . . . is to provide the specific insurance requested." Bichelmeyer Meats v. Atl. Ins. Co., 30 Kan. App. 2d 458, 459, 42 P.3d 1191, 1193 (2001).

The question for the Court is whether, viewing all facts in the light most favorable to Davani, a rational jury could find that a reasonably prudent and competent insurance agent would have provided Davani a quote for owner-occupied insurance policy given the information that Davani provided on October 26, 2021. Davani argues that Geico breached its duty because it (1) erroneously understood Davani's answers to the questions on October 26, 2021, (2) did not ask Davani whether he lived in or intended to move into the property, and (3) based on the fact that he did not change the address listed on other insurance policies obtained through Geico, failed to determine that Davani did not reside at the property or have plans to soon move in. Response To Brief In Support Of Defendant Geico Insurance Agency, LLC's Motion For Summary Judgment (Doc. #74) at 12.

Davani raises genuine issues of material fact whether, given the information which Geico had when it provided the Travelers quote, a reasonable insurance agent would have provided a quote for insurance that exclusively covered damage to an owner-occupied property. If Davani told Geico that he "was going to" make the property his primary residence, as he testified, a reasonable jury could find that Geico did not exercise due care when it provided Davani a quote

for a policy which required him to be residing at the property.  Geico is therefore not entitled to summary judgment on Davani's negligence claim.

IT IS THEREFORE ORDERED that Geico's Motion For Summary Judgment (Doc. #67) filed August 3, 2023 is OVERRULED in part and SUSTAINED in part.

Dated this 26th day of October, 2023 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge