IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| SINA DAVANI, ) | |
| ) | |
| Plaintiff, ) | CIVIL ACTION |
| ) | |
| v. ) | No. 22-1244-KHV |
| ) | |
| TRAVELERS PERSONAL INSURANCE ) | |
| COMPANY and GEICO INSURANCE ) | |
| AGENCY, LLC ) | |
| ) | |
| Defendants. ) | |
| _____) | |

**MEMORANDUM AND ORDER**

Sina Davani filed suit against Travelers Personal Insurance Company ("Travelers") and GEICO Insurance Agency, LLC ("Geico"), alleging breach of contract and negligence. This matter comes before the Court on cross-motions for summary judgment, Defendant Travelers' Motion For Summary Judgment (Doc. #69) filed August 11, 2023 and Plaintiff's Motion For Summary Judgment (Doc. #71) filed August 11, 2023. For reasons stated below, the Court overrules plaintiff's motion and sustains defendant's motion.

**Summary Judgment Standards**

Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. See Fed. R. Civ. P. 56(c); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986); Hill v. Allstate Ins. Co., 479 F.3d 735, 740 (10th Cir. 2007). A factual dispute is "material" only if it "might affect the outcome of the suit under the governing law." Liberty Lobby, 477 U.S. at 248. A "genuine" factual dispute requires more than a mere scintilla of evidence in support of a party's position. Id. at 252.

The moving party bears the initial burden of showing the absence of any genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); Nahno-Lopez v. Houser, 625 F.3d 1279, 1283 (10th Cir. 2010). Once the moving party meets this burden, the burden shifts to the nonmoving party to demonstrate that genuine issues remain for trial as to those dispositive matters for which the nonmoving party carries the burden of proof. Applied Genetics Int'l, Inc. v. First Affiliated Sec., Inc., 912 F.2d 1238, 1241 (10th Cir. 1990); see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586–87 (1986). To carry this burden, the nonmoving party may not rest on the pleadings but must instead set forth specific facts supported by competent evidence. Nahno-Lopez, 625 F.3d at 1283.

In applying these standards, the Court views the factual record in the light most favorable to the party opposing the motion for summary judgment. Dewitt v. Sw. Bell Tel. Co., 845 F.3d 1299, 1306 (10th Cir. 2018). The Court may grant summary judgment if the nonmoving party's evidence is merely colorable or not significantly probative. Liberty Lobby, 477 U.S. at 250–51. Essentially, the inquiry is "whether the evidence presents a sufficient disagreement to require submission to the jury or whether it is so one-sided that one party must prevail as a matter of law." Id. at 251–52.

## Factual Background

The following facts are undisputed or, where disputed, viewed in the light most favorable to the non-movant.[1]

---

[1] Initially, the Court addresses the form of the parties' briefing and their compliance with District of Kansas Local Rule 56.1. The parties have each submitted memoranda which exceed the page limitations set forth in D. Kan. Rule 7.1(d)(2). In the parties' responses to the opposing party's statement of facts, neither side has complied with Rule 56.1. See D. Kan. Rule 56.1(b)(2) (additional facts in opposition memorandum shall comply with subsection (a)); (c) (in
(continued. . .)

In September or October of 2020, Davani purchased a single-family residence located at 7507 East 26th Court North in Wichita, Kansas. In the ensuing three years, he has never lived at the property; rather, he has resided at a rental condo in Wichita.

## I.     Davani's Home Insurance Policy

On October 26, 2021, Davani contacted Geico by telephone to obtain a quote for homeowners insurance for the property. On the call, Davani told the Geico agent that the property was either his primary residence or was going to be his primary residence.[2] Based on this information, Geico provided Davani a quote for homeowners insurance coverage with Travelers.

---

[1] (. . . continued)
reply brief, moving party must respond to additional material facts in manner prescribed in subsection (b)(1)); (e) (all responses must fairly meet substance of matter asserted); see also Burch v. Regents of Univ. of Cal., 433 F. Supp. 2d 1110, 1119 (E.D. Cal. 2006) (in responding to summary judgment facts, counsel should challenge sufficiency of evidence, not admissibility based on objections such as lack of materiality or relevance); Black & Veatch Corp. v. Aspen Ins. (UK) Ltd., No. 12-2350-SAC, 2016 WL 6804894, at *2 (D. Kan. Nov. 17, 2016) (under D. Kan. Rule 56.1(e), party should not dispute fact because it disputes relevance or force of legal argument for which fact may be offered), vacated on other grounds, 882 F.3d 952 (10th Cir. 2018). The Court does not condone these departures from the rules but accepts them in this instance based on the lack of any objection from the parties. Counsel are cautioned that in similar circumstances, the Court has stricken the non-compliant briefs, ordered re-briefing and refused to consider material set forth in non-compliant briefs.

[2]     Geico has additionally moved for summary judgment on Davani's claims for breach of contract and negligence. See Geico's Motion For Summary Judgment (Doc. #67) filed August 3, 2023. In his response to Geico's motion, Davani denies he told Geico that the property was or was going to be his primary residence and cites a declaration in which he states that Geico never asked whether he planned to reside in the property. Response To Brief In Support Of Defendant Geico Insurance Agency, LLC'S Motion For Summary Judgment (Doc. #74) filed August 24, 2023 at 3; see also Declaration Of Sina Davani (Doc. #74-1), ¶¶ 7–9. In his earlier deposition, however, Davani testified that the Geico agent asked him "how long, or how [he] planned to use the residence on the date of coverage" and while he could not recall the exact phrasing of his response to the question, he recalled that he told the agent that the property "was" or "was going to be" his primary residence. Davani Deposition (Doc. #68-2) at 10–13. For purposes of the cross-motions before the Court, the Court does not have to determine whether this raises a genuine issue of fact because the fact is not material to Davani's claim of breach of contract against Travelers.

Davani accepted the quote and Geico reported the acceptance to Travelers.

Travelers issued a homeowners insurance policy to Davani with effective dates from October 27, 2021 to October 27, 2022. Davani later received the homeowners insurance policy and paid the premium to Travelers. The policy is identified as policy number 6105638376331 and lists Davani's "residence premises" as 7507 East 26th Court North, Wichita, Kansas. "[R]esidence premises" is defined as "[t]he one family dwelling or unit where you reside . . . and which is shown as the 'residence premises' in the Declarations." Travelers Policy (Doc. #70-3) at 11. The Declarations lists Davani's "residence premises" as 7507 East 26th Court North. Id. at 1.

The policy instructed Davani to contact Geico and/or Travelers if he decided to move out, vacate or temporarily relocate from the property. After receiving the policy, Davani did not contact Travelers or Geico to review the policy or advise that he was not living in the property.

## II.     Davani's Home Insurance Claim

Some time between December 23, 2021, and January 22, 2022, Davani discovered a water leak that caused water damage to the kitchen ceiling, walls, floor, cabinets, basement ceiling, walls, floor and moulding at the property. On February 8, 2022, Davani submitted a claim to Travelers for repairs in excess of $158,000 and damage to personal property in excess of $116,000. That same day, a Travelers agent contacted Davani to obtain information about the claim.[3] Because

---

[3]     To support this and other facts related to its investigation of Davani's claim, Travelers cites the declaration of Ann Capuro, a Travelers employee who supervised Davani's claim and has personal knowledge of the matters set forth in the declaration. Davani objects to each reference to the Capuro declaration on the basis that she lacks foundation to testify to the facts asserted, has no first-hand knowledge of the issues or underwriting experience and was not disclosed as having knowledge about the issuance of Davani's policy. "Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." Fed. R. Civ. P. 56(e). To the extent that Capuro's declaration relates to her job

(continued. . .)

Davani was not living in the home at the time of the loss, the agent told Davani that he would have to review the vacancy and mold clauses to determine if the policy provided coverage. On February 9, 2022, the Travelers agent called Davani to review his coverage and discuss limitations on mold remediation work requested by Davani.[4] On February 18, 2022, a Travelers adjuster inspected and photographed the water damage. On March 4, 2022, Travelers paid Davani $21,619.51 to cover mold remediation and water mitigation services.

Following this payment, Travelers continued to investigate Davani's claim. After another inspection of the property on April 8, 2022, Travelers sent Davani a letter dated April 14, 2022, which stated that its investigation was ongoing and that it reserved its rights under the policy and law, including the right to deny all or part of Davani's claim. On May 3, 2022, Travelers sent Davani a "Sworn Statement in Proof of Loss" document and asked him to complete and return the form within 60 days. On May 10, 2022, Davani timely completed and returned the form. On May 17, 2022, an investigator with Travelers Special Investigation met with Davani at the property to view and photograph the damage and the affected personal items.

On June 24, 2022, an attorney for Travelers sent a letter to Davani informing him that the investigation remained ongoing. The letter asked Davani to provide additional information and documents, some of which he had already provided, so that Travelers could schedule an Examination Under Oath. On July 6, 2022, Davani's counsel responded to the letter stating that

---

[3] (. . .continued)
position and personal involvement in supervising Davani's claim, it is presumably based upon personal knowledge. See Bryant v. Farmers Ins. Exch., 432 F.3d 1114, 1123 (10th Cir. 2005) (affiant's review of business records sufficient to establish personal knowledge). The Court therefore overrules Davani's objection.

[4]  Davani asserts that during the call on February 9, 2022, the Travelers agent told him that he had coverage; the cited claims notes do not support that assertion.

Travelers had violated Kansas law because it misrepresented pertinent facts relating to Davani's policy, failed to act reasonably prompt in its communications, failed to affirm or deny coverage within a reasonable time and delayed its investigation and payment to Davani by requiring him to submit duplicative information. The letter requested that Travelers provide an explanation why the requests in its letter of June 24, 2022 were material to the investigation, and stated that Davani would construe a failure to provide the requested information as a breach of contract.

On September 12, 2022, Travelers responded to Davani's counsel, again requesting redundant information, stating that its investigation was ongoing, and denying that it violated Kansas law. Following receipt of this letter, before Travelers completed its investigation, Davani filed the present action.

## Procedural Background

On October 6, 2022, in the District Court of Sedgwick County, Kansas, Davani filed this suit against Geico and Travelers. On October 24, 2022, Travelers removed the case to federal court. The following day, Geico consented to removal. Davani alleges that Travelers breached the homeowners insurance policy by failing to timely adjust and pay his loss. See Pretrial Order (Doc. #65) at 24. For several reasons, including that Davani never resided at the property, Travelers argues that Davani's claim is not covered. See Pretrial Order (Doc. #65) filed August 2, 2023 at 25.

## Analysis

Both parties seek summary judgment on Davani's breach of contract claim. Davani claims that Travelers breached its agreement to insure his property by failing to reasonably investigate

and pay the claim.[5]  See Memorandum In Support Of Plaintiff's Motion For Summary Judgment (Doc. #72) at 13; see also Pretrial Order (Doc. #65) at 24.  Travelers argues that Davani cannot recover because the policy requires that the insured reside at the property at the time of the claimed loss and the undisputed facts show that Davani did not do so.[6]

If the policy does not cover damage to a vacant property, Travelers could not have breached the contract by denying coverage, regardless whether it reasonably investigated the claim. Davani's claim for breach of contract therefore turns on the proper construction of the insurance contract, which is a question of law.  Wheeler v. Allstate Ins. Co., 687 F. App'x 757, 764 (10th Cir. 2017).

The parties present conflicting positions on the interpretation of the terms in the policy. The interpretation of an insurance policy, like other contracts, is a question of law.  See AMCO Ins. Co. v. Beck, 261 Kan. 266, 269, 929 P.2d 162, 165 (1996). Courts give the terms in an insurance policy their plain and ordinary meaning unless the parties have expressed a contrary intent.  See Pink Cadillac Bar & Grill, Inc. v. U.S. Fid. & Guar. Co., 22 Kan. App. 2d 944, 948,

---

[5]  In addition, Davani argues that Travelers breached the contract by misrepresenting the policy's coverage for personal property.  See Pretrial Order (Doc. #65) at 24.

[6]  Travelers additionally denies coverage under the following policy provisions: (1) the "freeze exclusion" provision, which bars coverage for loss caused by leakage of a plumbing system if the insured has not exercised reasonable care to drain all systems of water and maintain heat in the building, (2) the insured's duty to cooperate and inform Travelers of material information after the policy is issued, (3) the concealment or fraud provision, which states that Travelers does not provide coverage if the insured makes statements of material false information or conceals material facts relating to the policy and (4) the duties after loss provisions, which impose several duties on the insured as a condition of coverage, including the duty to provide an EUO, a sworn statement of loss, and the duty to cooperate.  See Travelers Policy (Doc. #70-3) at 3, 12, 15, 28, 30, 41.  The Court does not address these arguments because it finds that summary judgment is warranted on Travelers' denial of coverage based on the policy's requirement that Davani reside at the property.  This decision thus focuses solely on that portion of the parties' arguments.

925 P.2d 452, 456 (1996). Whether an insurance contract is ambiguous is based not on what the insurer intends the language to mean, but what a reasonably prudent insured would understand the language to mean. Id. To be ambiguous, a contract must contain provisions or language of doubtful or conflicting meaning, as gleaned from a natural and reasonable interpretation of its language. Farm Bureau Mut. Ins. Co. v. Old Hickory Cas. Ins. Co., 248 Kan. 657, 659, 810 P.2d 283, 285 (1991).

Where the terms of a policy of insurance are ambiguous or uncertain, conflicting or susceptible of more than one construction, the construction most favorable to the insured must prevail. Id. If the policy is not ambiguous, the Court must enforce the policy according to its terms. See Am. Media, Inc. v. Home Indem. Co., 232 Kan. 737, 740, 658 P.2d 1015, 1019 (1983). The Court should not strain to create an ambiguity where none exists. Miner v. Farm Bureau Mut. Ins. Co., 17 Kan. App. 2d 598, 613, 841 P.2d 1093 (1992) (not function of trial court to create ambiguity requiring interpretation favorable to insured when no ambiguity exists); Bell v. Patrons Mut. Ins. Ass'n, 15 Kan. App. 2d 791, 794, 816 P.2d 407 (1991) (court should not strain to create ambiguity).

With these rules of construction in mind, the Court turns to the parties' arguments regarding construction of the policy.

**I.      Meaning Of "Residence Premises"**

Davani argues that he is entitled to summary judgment because the policy provides coverage for vacant homes. Travelers argues that the Court should grant summary judgment in its favor because coverage only extends to properties where the insured resides and Davani did not reside at the property at the time of the claimed loss. Because Davani bears the burden of establishing coverage under the policy, he must show that his property qualifies for coverage

according to the coverage provisions of the policy.  See Magnus, Inc. v. Diamond State Ins. Co., 101 F. Supp. 3d 1046, 1054 (D. Kan. 2015).

The Property Coverage Section, Property Coverage A—Dwelling of the policy states that Travelers covers "[t]he dwelling on the 'residence premises' shown in the Declarations, including structures attached to the dwelling."  Travelers Policy (Doc. #70-3) at 15; see id. (Perils Insured Against section states that Travelers "insure[s] against direct physical loss to property described in Property Coverage[] A.")  The policy defines "residence premises" as follows:

"Residence premises means:

a. The one family dwelling or unit where you reside;
b. The two, three or four family dwelling where you reside in at least one of the family units;

and which is shown as the "residence premises" in the Declarations.

"Residence premises" also includes other structures and grounds at that location.

Id. at 12.

In addition, the policy defines "insured location" to include "residence premises" and "[t]he part of other premises, other structures and grounds used by you as a residence and (1)[w]hich is shown in the Declarations; or (2) [w]hich is acquired by you during the policy period for your use as a residence."  Id. at 11.  The declarations page of the policy lists the 7507 East 26th Court North address under "Residence Premises."  Id. at 1.

Davani argues that a reasonable policyholder could interpret the phrase "residence premises" to include a dwelling or unit that the insured may not currently reside in, but could use as a residence.  Travelers denies that the term is ambiguous and correctly identifies a number of instances in which courts have found no ambiguity in the exact same "residence premises"

language and have enforced the provision as grounds for denial of coverage. See Travelers' Response (Doc. #78) at 5, 47 (citing Kennett v. USAA Gen. Indem. Co., 809 F. App'x 228, 231 (5th Cir. 2020); Gerow v. State Auto Prop. & Cas. Co., 346 F. Supp. 3d 769, 778 (W.D. Pa. 2018).[7]

This Court is required to interpret the policy according to its express terms. "Residence" ordinarily means "a building used as a home". See Merriam-Webster Online Dictionary available at www.merriam-webster.com (last visited Oct. 18, 2023); see also id. ("the place where one actually lives as distinguished from one's domicile or a place of temporary sojourn"); Cambridge Dictionaries Online ("the place where someone lives, or the condition of living somewhere"), available at https://dictionary.cambridge.org/us/dictionary/english (last visited Oct. 18, 2023). Consistent with the ordinary meaning of "residence," the Court interprets the term "residence premises" to mean property where the insured actually lives.[8] In the context of insurance contracts, residence requires a person's physical presence at a certain location and an intent to remain at the location for an indefinite period of time. Teter v. Corley, 2 Kan. App. 2d 540, 542, 584 P.2d 651, 653 (1978).

Davani additionally suggests that despite the residence premises term, the policy impliedly

---

[7]  Numerous other courts have found that the same policy language unambiguously requires the insured to reside at the insured premises at the time of the loss. See also Ctr. Ins. Co. v. Blake, 370 F. Supp. 2d 951, 958 (D.N.D. 2005); Georgia Farm Bureau Mut. Ins. Co. v. Kephart, 439 S.E.2d 682, 684 (Ga. Ct. App. 1993); Heniser v. Frankenmuth Mut. Ins. Co., 534 N.W.2d 502, 508 (Mich. 1995); Whitaker v. Grange Mut. Cas. Co., No. 20474, 2004 WL 2245112, at *2 (Ohio Ct. App. Sept. 24, 2004).

[8]  Davani argues that because he intended to move into the property in April of 2022 and make it his home, the property meets the ordinary meaning of residence. Neither party addressed this argument or provided evidence regarding Davani's purported future intention to make the property his residence. Regardless, Davani did not reside at the property at the time of the loss nor did he move in within 60 days of purchasing the policy. Under the residence premises term's ordinary meaning, the policy did not provide coverage for Davani's claim.

provides coverage for vacant homes because it contains certain exclusions for properties that are unoccupied for more than 60 days and therefore a reasonable policyholder would understand the policy to provide coverage for properties that are unoccupied for less than 60 days.[9]  See Memorandum In Support Of Plaintiff's Motion For Summary Judgment (Doc. #72) at 12.  In construing an insurance contract, the Court must consider the instrument as a whole.  Am. Fam. Mut. Ins. Co. v. Wilkins, 285 Kan. 1054, 1058, 179 P.3d 1104, 1109 (2008).  Read as a whole, it does appear that Travelers accepts the risk that a property will be unoccupied for some period of time not to exceed 60 days.  See, e.g., Travelers Policy (Doc. #70-3) at 9 (60 days for insured to report change relating to insured property, including if insured no longer resides on the "residence premises"), 16 (60 days of vacancy permitted before exclusion for loss caused by vandalism or malicious mischief applies), 17 (60 days for coverage of personal property which is removed from premises).

These provisions, however, do not create an ambiguity whether Davani failed to use the property as a residence for more than 60 days, and Davani does not deny that he failed to move into and live in the property within 60 days.  Instead, consistent with the ordinary meaning of the

---

[9]  In his reply, Davani further argues that the policy implicitly provides coverage for unoccupied homes because it covers losses caused by damage such as a pipe leak so long as the insured has taken reasonable care to turn off water service.  See Travelers Policy (Doc. #70-3) at 15 (no coverage for loss caused by leakage or overflow from plumbing system unless insured used reasonable care to shut off water supply).  A home without water service, Davani argues, is not capable of sustaining normal occupancy and therefore cannot serve as a residence.  This provision, however, is listed under the section entitled "Perils Insured Against, Property Coverage A – Dwelling."  See id.  The corresponding Property Coverage A – Dwelling section, included on the same page of the policy, specifically states that Travelers covers dwellings on the "residence premises."  Id.  Here, the Court finds no ambiguity in the policy's coverage for winterized homes because, when read in the context of the referenced Property Coverage A – Dwelling section contained on the same page, it is apparent that the policy only covers properties that meet the defined "residences premises" term.

term, the Court interprets the term "residence premises" and the policy's use of the term in the coverage section to mean that Travelers may deny coverage when the insured fails to commence residency at the insured premises for more than 60 days.

Davani concedes that he did not live at the property at any time. Travelers is therefore entitled to summary judgment on Davani's claim of breach of contract. Accordingly, Davani's motion for summary judgment on this claim is overruled.[10]

## II. Whether Travelers Waived Its Right To Deny Coverage

Davani argues that Travelers waived its right to deny coverage when it issued payment on March 4, 2022 for mold remediation and water mitigation services. Travelers denies that it waived

---

[10] Davani additionally argues that Travelers breached the contract by (1) failing to accept, reject or inform Davani that it needed additional time to investigate his claim after it received Davani's proof of loss form and (2) demanding through the course of its investigation that Davani produce information he had already produced. Memorandum In Support Of Plaintiff's Motion For Summary Judgment (Doc. #72) at 12. Travelers denies that it failed to inform Davani of the status of its investigation or that it requested duplicative information and, further, Travelers asserts that Davani cannot succeed on his claims regarding the investigation because the policy does not provide coverage under the "residence premises" coverage provision and Travelers does not owe any additional duties under the contract. Under Kansas law, an insurer is required to act in good faith in investigating the claim. Foster v. Stonebridge Life Ins. Co., 50 Kan. App. 2d 1, 27, 327 P.3d 1014, 1032 (2012). In determining whether the insurer acted in good faith, the Court is to look at the circumstances when the claim is denied. Id.

Although Travelers did not deny Davani's claim prior to his initiation of this lawsuit, it now denies coverage. The uncontroverted facts of Travelers' investigation reveal no evidence of bad faith. Prior to the letter dated April 14, 2022 which stated that the investigation remained ongoing and that Travelers reserved its rights to deny coverage, Travelers engaged in multiple conversations with Davani and sent several agents to the property to perform inspections. Travelers' internal notes related to Davani's claim reveal that it was in the process of conducting a thorough investigation. "Where the claim, as submitted, is excluded by clear and unambiguous language in the policy, the insurer has no duty to investigate the claim further." Sec. Ins. Co. of Hartford v. Wilson, 800 F.2d 232, 235 (10th Cir. 1986). Here, clear language in the policy excluded Davani's claim because Davani had not resided at the property. The Court therefore finds that Travelers did not breach any duty to investigate the claim.

its right to either deny or dispute coverage because (1) it was still investigating Davani's claim when it made the preliminary payment, (2) through the pendency of the investigation, it repeatedly told Davani that it reserved its rights to deny coverage and (3) it cannot waive its right to deny coverage where it provided no coverage to begin with.

Waiver is the voluntary and intentional relinquishment of a known right. See Schraft v. Leis, 236 Kan. 28, 36, 686 P.2d 865, 873 (1984); Jones v. Jones, 215 Kan. 102, 116, 523 P.2d 743, 754 (1974). It is the expression of an intention not to insist upon what the law affords. Id. In an insurance context, waiver cannot be invoked to expand the scope of coverage of a policy. Aks v. Southgate Trust Co., 844 F. Supp. 650, 659 (D. Kan. 1994).[11]

Following its payment on March 4, 2022, Travelers sent Davani a letter which stated that its research was ongoing to determine whether the policy provided coverage, referred Davani to the "residence premises" term in the policy and stated plainly that Travelers was not waiving its rights, including its right to deny coverage. See Reservation Of Rights Letter (Doc. #70-12). The policy states that "[a] waiver or change of a provision of this policy must be in writing by us to be valid" and any request for an examination by Travelers "will not waive any of [its] rights." Travelers Policy (Doc. #70-3) at 12. As discussed, the summary judgment record does not establish that Davani's property qualified as a "residence premises" to warrant coverage. Because Davani has failed to establish coverage under the policy, Travelers did not waive its right to deny coverage by making the payment on March 4, 2022. Waeker v. Am. Family Mutual Ins. Co., 275 Fed. App'x. 777, 779 (10th Cir. 2008) (district court correctly rejected waiver argument because

---

[11] See also Hennes Erecting Co. v. Nat'l Union Fire Ins. Co. of Pittsburgh, Pa., 813 F.2d 1074, 1080 (10th Cir. 1987) (waiver and estoppel cannot be used to increase carrier's risk beyond policy terms); Von Hillman v. Colonial Penn. Ins. Co., 19 Kan. App. 2d 375, 377, 869 P.2d 248, 249 (1994) (waiver and estoppel cannot be used to expand policy coverage).

policy unambiguously excluded coverage).

**IT IS THEREFORE ORDERED** that Plaintiff's Motion For Summary Judgment (Doc. #71) filed August 11, 2023 is **OVERRULED**.

**IT IS FURTHER ORDERED** that Defendant Travelers Personal Insurance Company's Motion For Summary Judgment (Doc. #69) filed August 11, 2023 is **SUSTAINED.**

Dated this 26th day of October, 2023 at Kansas City, Kansas.

                                              s/ Kathryn H. Vratil
                                              KATHRYN H. VRATIL
                                              United States District Judge